LEVENTHAL & KLEIN, LLP
60 Bay Street, 7th Floor
Staten Island, New York 10301
(718) 556-9600

Attorneys for Plaintiff CHRISTOPHER CONNER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

| | |
|---|---|
| CHRISTOPHER CONNER, | **COMPLAINT** |
| Plaintiff, | |
| | Index No. |
| -against- | |
| CITY OF NEW YORK, DETECTIVE HECTOR VARGAS (Shield No. 4094), DETECTIVE CHARLES JOHNSON (Shield No. 7501), JOHN and JANE DOE 1 Through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown), | <u>Jury Trial Demanded</u> |
| Defendants, | |

-------------------------------------------------------------------------------X

Plaintiff CHRISTOPHER CONNER, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S. §1983 and 42 U.S. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the States of New York and the United States.

### **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

1

Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff CHRISTOPHER CONNER is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and States of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, DETECTIVE HECTOR VARGAS ("Vargas"), DETECTIVE CHARLES JOHNSON ("Johnson"), and JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. The following is a summary.

14. On February 18, 2004, at approximately 4:30 p.m., plaintiff CHRISTOPHER CONNER was lawfully present inside the building located at 2512 Seventh Avenue, New York, New York, in the City, County and State of New York.

14. At the aforesaid time and place, defendants VARGAS and JOHNSON, members of the New York City Police Department, unlawfully approached, seized, detained, and repeatedly searched the plaintiff CHRISTOPHER CONNER, despite defendants' knowledge that they lacked probable cause to do so.

15. Defendant VARGAS thereafter stomped on plaintiff's right ankle, causing it to twist, dislocate, and fracture.

16. VARGAS and JOHNSON thereafter beat and kicked the plaintiff.

17. Shortly thereafter, JOHN and JANE DOES 1 Through 10 arrived on the scene, and, acting in concert with defendants VARGAS and JOHNSON, proceeded to beat the plaintiff.

18. Plaintiff was thereafter handcuffed, and eventually taken to Harlem Hospital, where he remained for approximately two weeks. During that two week period, plaintiff underwent two operations that involved the insertion of plates and screws to repair his ankle, and a skin graft.

19. Plaintiff remained handcuffed and in police custody from the time of his arrest until shortly after his hospital arraignment, which was held on or about February 26, 2004. Plaintiff was arraigned on false charges that were manufactured to cover up the above-described illegal conduct and brutality.

20. Defendants initiated criminal proceedings against plaintiff CHRISTOPHER CONNER despite defendants' knowledge that they lacked probable cause to do so.

21. On or about September 27, 2004, the criminal charges against plaintiff were terminated in plaintiff's favor.

22. As a result of the foregoing, plaintiff CHRISTOPHER CONNER sustained, *inter alia*, permanent and severe physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights under 42 U.S.C. § 1983)

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

25. All of the aforementioned acts deprived plaintiff CHRISTOPHER CONNER of the rights, privileges and immunities guaranteed to citizens of the United States by the First,

Fourth, Fifth, Eighth and fourteenth Amendments to the Constitution of the United of America, and in violation of U.S.C. 1983.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Unlawful Search and Seizure under 42 U.S.C. § 1983)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. The illegal stop, searches and seizures employed by defendants herein terminated plaintiff CHRISTOPHER CONNER's freedom of movement through means intentionally applied.

31. As a result of the aforementioned conduct of defendants, plaintiff CHRISTOPHER CONNER's constitutional rights have been abridged.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff CHRISTOPHER CONNER' constitutional rights.

34. As a result of the aforementioned conduct of defendants, plaintiff CHRISTOPHER CONNER was subjected to excessive force and sustained physical injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants had an affirmative duty to intervene on behalf of plaintiff CHRISTOPHER CONNER, whose constitutional rights were being violated in their presence by other officers.

37. The defendants failed to intervene to prevent the unlawful conduct described herein.

38. As a result of the foregoing, plaintiff CHRISTOPHER CONNER's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause. Further, plaintiff sustained severe and permanent physical injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth

Amendment.

41. As a result of the foregoing, plaintiff CHRISTOPHER CONNER was deprived of his right to substantive due process, causing severe and permanent emotional and physical injuries.

### AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. As a result of the aforesaid conduct by defendants, plaintiff CHRISTOPHER CONNER was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

44. As a result of the foregoing, plaintiff CHRISTOPHER CONNER's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause. Further, plaintiff sustained severe and permanent physical injuries.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect if fully set forth herein.

46. Defendants misrepresented and falsified evidence before the District Attorney.

47. Defendants did not make a complete and full statement of facts to the District Attorney.

48. Defendants withheld exculpatory evidence from the District Attorney.

49. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

50. Defendants lacked probable cause to initiate criminal proceedings against CHRISTOPHER CONNER.

51. Defendants acted with malice in initiating criminal proceedings against CHRISTOPHER CONNER.

52. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff CHRISTOPHER CONNER.

53. Defendants lacked probable cause to continue criminal proceedings against plaintiff CHRISTOPHER CONNER

54. Defendants acted with malice in continuing criminal proceedings against plaintiff CHRISTOPHER CONNER.

55. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

56. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff CHRISTOPHER CONNER's favor on September 27, 2004, when all charges were dismissed.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants issued legal process to place plaintiff CHRISTOPHER CONNER under arrest.

59. Defendants arrested plaintiff CHRISTOPHER CONNER in order to obtain a collateral objective outside the legitimate ends of the legal process.

60. Defendants acted with intent to do harm to plaintiff CHRISTOPHER CONNER without excuse or justification.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

63. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping, searching, and seizing innocent individuals of African American descent and then committing perjury and/or manufacturing evidence in an effort to convict such individuals and to cover up acts of brutality. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff CHRISTOPHER CONNER' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CHRISTOPHER CONNER.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHRISTOPHER CONNER as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff CHRISTOPHER CONNER as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff CHRISTOPHER CONNER was unlawfully stopped, seized, beaten, arrested, detained, incarcerated, and subjected to physical abuse.

67. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CHRISTOPHER CONNER' constitutional rights.

68. All of the foregoing acts by defendants deprived plaintiff CHRISTOPHER CONNER of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from malicious abuse of process;

    E. Not to have cruel and unusual punishment imposed upon him;

  F.  To receive equal protection under law; and

  G.  To be free from the use of excessive force and/or the failure to intervene.

 69. As a result of the foregoing, plaintiff CHRISTOPHER CONNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

 **WHEREFORE**, plaintiff CHRISTOPHER CONNER demands judgment and prays for the following relief, jointly and severally, against the defendants:

 (A) full and fair compensatory damages in an amount to be determined by a jury:

 (B) punitive damages in an amount to be determined by a jury:

 (C ) reasonable attorney's fees and the costs and disbursements of this action; and

 (D) such other and further relief as appears just and proper.

Dated: Staten Island, New York  
   December 30, 2004

                LEVENTHAL & KLEIN, LLP  
                60 Bay Street, 7th Floor  
                Staten Island, New York 10301  
                (718) 556-9600

                By: _____/s_____  
                  BRETT H. KLEIN (BK4744)

                Attorneys for Plaintiff CHRISTOPHER CONNER